FILED
SUPERIOR COURT
OF GUAM

2023 NOV -8 AM 8: 32

CLERK OF COURT

BY:

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **IN THE MATTER OF THE ESTATE**<br><br>of<br><br>**WALTER SCOTT BARRETT,**<br><br>Deceased. | **PROBATE CASE NO. PR0069-23**<br><br>**DECISION AND ORDER DENYING PETITION TO PROVE LOST WILL AND PETITION FOR PROBATE OF WILL AND FOR LETTERS OF ADMINISTRATION WITH THE WILL ANNEXED** |

This matter came before the Honorable Dana A. Gutierrez on June 28, 2023 for a hearing on Petition to Prove Lost Will and Petition for Probate of Will and for Letters of Administration with the Will Annexed (together, "Petitions"), filed on April 20, 2023 by Sinforoso M. Tolentino ("Petitioner").[1] Present at the hearing was Petitioner and Michael Barrett ("Michael"), an heir of Walter Scott Barrett ("Decedent"). Because the Will at issue is lost and Petitioner has failed to meet the requirements to prove a lost will under 15 GCA § 1525, the Court hereby **DENIES** the Petitions.

## BACKGROUND

Petitioner asserts "after reasonable search and inquiry, Petitioner is unable to locate the original Will" of the Decedent. Pet. to Prove Lost Will, at 2 (April 20, 2023). Petitioner claims "[t]o the best of Petitioner's knowledge, the copy of the Will . . . is the exact copy of the original

---

[1] Sinforoso M. Tolentino is also serving as the attorney for the Estate of Walter Scott Barrett.

Will and the original Will was in existence at the time of the Decedent's death." *Id.* At the June 28, 2023 Petition hearing, Petitioner called Michael as the only witness to testify. At the Petition hearing, Petitioner asked for two weeks to file supplemental documentation to support his Petitions. After two weeks passed and receiving no supplemental filings, the Court took the Petitions under advisement on July 14, 2023. Under Advisement Notice (July 14, 2023). On August 25, 2023, Petitioner filed a Supplemental Briefing Regarding Petition to Prove Lost Will ("Supplemental Briefing") with the Affidavit of Cathryn Frisby attached. Petitioner requests "the Court to find that Michael's testimony, the appearance and consent of all other heirs, and the Affidavit of Cathryn Frisby provide the Court sufficient proof to establish that the will was in existence at the time of the testator's death." Suppl. Brief, at 3 (Aug. 25, 2023). Despite the late filing of the Supplemental Briefing, in the interest of judicial efficiency, the Court will consider the arguments and facts raised in the filing.

## DISCUSSION

The Superior Court of Guam may probate a decedent's lost will. 15 GCA § 1503. To prove a lost will, 15 GCA § 1525(a)(1) requires a petitioner prove the will "to have been in physical existence at the time of the testator's death." Further, a lost will's provisions must be "clearly and distinctly proved by the sworn testimony of at least two credible witnesses in open court." 15 GCA § 1525(b).

### A. Petitioner Failed to Prove the Will was in Physical Existence at the Time of Testator's Death

Petitioner has not established that the Will was in physical existence at the time of the testator's death as required by 15 GCA § 1525(a)(1). The burden to prove the existence of the will

is upon the proponents of the will. *In re Estate of LeSure*, 68 P.2d 313, 315 (Cal. Dist. Ct. App. 1937).[2]

Petitioner has failed to meet his burden to prove the Will was in existence at the time of Decedent's death. Petitioner argues "Michael Barrett and the record compellingly establish the [W]ill was in existence at the time of the Decedent's death." Suppl. Brief, at 2. However, upon review of Michael's testimony, Michael never testified that he knew the Will was in physical existence at the time of Decedent's death. The only assertion that the Will was in physical existence at the time of the Decedent's death is through the Affidavit of Cathryn Frisby, the Decedent's daughter. In her Affidavit, Ms. Frisby states she has personal knowledge of the Will; the Will was in existence at the time of Decedent's death; and since the Decedent's death, the original Will was lost. Affidavit of Cathryn Frisby, at 1-2 (August 25, 2023). However, Ms. Frisby fails to assert any facts which indicate how she knows the Will was in existence at the time of Decedent's death. *Compare In the Matter of the Estate of Samuel Joseph Jones*, PR0236-22, at 2 (Super. Ct. Guam April 24, 2023) (holding that a declaration that a deposited will was withdrawn from the Superior Court clerk's office upon the decedent's death established the will was in physical existence at the time of death). Without more, Ms. Frisby's statement does not prove the physical existence of the Will at the time of Decedent's death.

---

[2] This rule was derived from California Probate Code § 350. 15 GCA § 1525, SOURCE. Therefore, California's interpretation of Probate Code § 350 is persuasive in this Court's interpretation of 15 GCA § 1525. "Generally, when a legislature adopts a statute which is identical or similar to one in effect in another jurisdiction, it is presumed that the adopting jurisdiction applies the construction placed on the statute by the originating jurisdiction." *Sumitomo Constr. Co. v. Zhong Ye, Inc.*, 1997 Guam 8 ¶ 7. For instance, in *M Electric Corporation v. Phil-Gets (Guam) Intl. Trading Corp. dba J&B Modern Tech et. al.*, 2016 Guam 35 ¶ 40, the Supreme Court of Guam held federal interpretation of Federal Rules of Civil Procedure Rule 15 was persuasive when interpreting Guam Rules of Civil Procedure Rule 15 because the federal rule was the source of Guam's statute, and the two statutes have similar language.

## B.      Petitioner Failed to Establish the Provisions of the Will

Petitioner argues that Michael's June 28, 2023 testimony "indicated that he had personal knowledge of the provisions in the original will." Suppl. Brief, at 2. During his testimony, Michael stated that he believed the copy of the Will was an accurate copy of the Decedent's lost Will. Minute ("Min.") Entry, 9:53 AM (June 28, 2023). However, when the Court asked Michael to clarify when the Decedent presented the Will to Michael and his family, Michael replied "I don't think there was a presentation. It was probably more of a notification." Min. Entry, 9:58 AM. Michael elaborated that the notification may have been around 1993, but that Decedent "was private about his own affairs and his own finances." Min. Entry, 9:58 AM. Further, when Petitioner asked Michael if he remembers the first time he saw the Will, Michael replied "I don't even know if I looked at it after my father died . . . I think it's been more recently . . . I probably did see it some time ago." Min. Entry, 9:59 AM. Because Michael never definitively stated that he had seen the original Will, it is unclear if or when Michael saw the Will or the basis for Michael's belief that the copy of the Will matches the original.

Petitioner also argues "the terms contained in the copy [of the Will] correspond with [Michael's] testimony." Suppl. Brief, at 2. Michael testified that all of Decedent's property went to Michael's mother, but that, "[his] father did leave some property on the island of Guam to [Michael]." Min. Entry, 10:00 AM. The copy of the Will contains no provision granting property to Michael. Instead, the copy of the Will devises "all of [Decedent's] property, both real and personal, to the W. Scott Barrett Declaration of Trust." Pet. to Prove Lost Will, at Exhibit A. Additionally, Michael also states "[his] eldest sister was the executor of the Will." Min. Entry, 9:53 AM; *see also* Min. Entry, 10:04 AM (Michael states, "my sister, who was the executor.")

However, the copy of the Will appoints the Decedent's spouse, Julia Barrett, as Personal Representative of the Will. Pet. to Prove Lost Will, at Exhibit A. The copy of the Will does not name any of Michael's siblings as executor. Thus, Michael's testimony has failed to prove the provisions of the Will.

Moreover, as noted above, 15 GCA § 1525(b) requires two witnesses to testify to the provisions in open court. The commentary to 15 GCA § 1525 emphasizes the need for this testimony to be in open court, stating "[t]he Commission has also added, in subsection (b), the requirement that lost or destroyed wills be proved by live testimony in open court, believing that the judge should be able to see the witnesses in such cases in order better to be able to determine their credibility." 15 GCA § 1525, COMMENT. Here, only one witness testified. In his Supplemental Briefing, Petitioner "does not dispute that section 1525 calls for the testimony of at least two (2) credible witnesses in open court," but claims that Michael's testimony and the overall record "compellingly establish that the will was in existence at the time of the Decedent's death." Suppl. Brief, at 2. Petitioner further argues that "[w]hile [Cathryn Frisby's] Affidavit is not testimony, it does provide additional credibility and proof that the will was in existence at the time of the testator's death." *Id.* at 3. Nevertheless, Petitioner fails to cite to any authority which permits the Court to forego this statutory obligation. Moreover, even if the Court could consider Cathryn Frisby's Affidavit to prove the provisions of the Will, Michael's testimony remains insufficient. Therefore, Petitioner does not meet the requirements of 15 GCA § 1525(b).

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** the Petitions. A Status Hearing in this matter shall be held on **December 6, 2023 at 9:00 a.m.**

**SO ORDERED:** _____NOV 0 7 2023_____.

**HONORABLE DANA A. GUTIERREZ**
**Judge, Superior Court of Guam**